Appeal of **WARREN-LAMB LUMBER CO.**                    Docket No. 864.

> Funds advanced to the taxpayer corporation by a stockholder and evidenced by the taxpayer's promissory notes, which notes are later exchanged for certificates of preferred stock of the taxpayer company, can not, in the absence of evidence concerning the character of the transaction, be included in invested capital for any period prior to the issuance of the certificates of preferred stock.

Submitted January 27, 1925; decided March 17, 1925.

*Ward Loveless, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This is an appeal on a Commissioner's deficiency letter asserting an additional tax for the calendar year 1917 in the sum of $3,055.96. It came on for hearing on January 27, 1925. There was no appearance for the taxpayer. Counsel for the Commissioner offered in evidence the deficiency letter dated October 31, 1924, and read into the record admissions that certain facts contained in the taxpayer's petition were true and could be accepted as the findings of fact upon which the appeal was based and could be disposed of. From this record the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of South Dakota and has its principal office and place of business at Rapid City, S. Dak. On March 20, 1914, in accordance with the written agreement between W. B. Harbeson and Chauncey T. Lamb, the said Lamb purchased from Harbeson $83,000 par value of stock of a total authorized issue of $200,000 par value of stock of the Lamphier-Hinrichs Lumber Co., and on July 1, 1914, the name of that company was changed to the Warren-Lamb Lumber Co. This purchase was made on the basis of deferred payments under the written agreement providing that until the terms and provisions of said agreement were complied with the stock should be held in escrow by James Halley, trustee, who was authorized to furnish to C. C. Warren the necessary proxies to enable Warren to vote the stock. The purchase of the stock by Lamb was completed in accordance with the terms of the contract. Following the purchase of the stock by Lamb and prior to January 1, 1917, Lamb made cash advances in amounts exceeding $200,000 to the taxpayer corporation, and as

evidence of such advances the taxpayer executed and delivered to Lamb from time to time its promissory notes, aggregating the amount of such advances. The sums so advanced, aggregating not less than $200,000, and the notes given as evidence therefor, continued throughout the calendar year 1917 and until on or about the 1st day of April, 1918, when the taxpayer's notes, held by Lamb in the sum of $200,000, were exchanged for the preferred stock of the taxpayer company of the par value of $200,000.

In making its income and profits tax return for the calendar year 1917 the taxpayer claimed that this sum of $200,000, advanced to it by Lamb and evidenced by outstanding promissory notes, was in fact, and should be held to be, invested capital under the provisions of section 207 of the Revenue Act of 1917. The Commissioner disallowed this claim and thus computed the deficiency from which this appeal was taken.'

### DECISION.

The deficiency in tax as computed by the Commissioner is approved.

### OPINION.

TRUSSELL: The one issue involved in this appeal is whether the sum of $200,000, advanced to the taxpayer by one of its stockholders and evidenced by outstanding promissory notes but used by the taxpayer continually throughout the calendar year 1917, was, within the meaning of section 207 of the Revenue Act of 1917, invested capital or money borrowed.

The taxpayer's contention as set forth in its petition is based upon the claim that, at the time Lamb purchased stock of the taxpayer company, the taxpayer was in pressing need of additional working capital and that Lamb at that time agreed to invest, or cause to be invested, in said company's business a considerable sum of additional capital, and that such understanding and agreement was made a part of the written agreement entered into at the time he purchased the $83,000 of stock. A portion of this written agreement contains this language:

It is understood that the second party (Lamb) proposes to invest, or cause to be invested, certain capital in the said corporation for the better maintenance of the business in the future.

and the taxpayer alleges that the advances made by Lamb were at the time made intended to be capital invested in the taxpayer's business. This part of the taxpayer's petition, however, was not admitted by the Commissioner, and no evidence appears in the record in support of this contention.

Section 207 of the Revenue Act of 1917 provides that invested capital shall be—

(a) In the case of a corporation or partnership: (1) Actual cash paid in, (2) the actual cash value of tangible property paid in other than cash, for stock or shares * * * (3) paid in or earned surplus and undivided profits used or employed in the business, * * *

Said Act further provides that as used in this title invested capital "does not include * * * money or other property borrowed."

It thus appears that even though we should accept the allegations of the taxpayer as evidence that Lamb, at the time when he made these advances, intended that the sum should become part of the invested capital of the business of the taxpayer, such intention was not actually carried out and made effective until the time when the notes, given by the taxpayer as evidence of the advances, were actually exchanged for the preferred stock shares of the taxpayer company, and this exchange not having taken place until after the close of the year 1917 we must necessarily hold that during the year 1917 these advances represented borrowed capital and not invested capital.